Donald Louis HOLCOMBE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14478.

Court of Criminal Appeals of Oklahoma.

Sept. 4, 1968.

Eldred M. Harmon, Alva, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Donald Louis Holcombe, hereinafter referred to as defendant, was charged by Information with the crime of Attempted Burglary in the Second Degree After Former Conviction of a Felony. He was tried by a jury, who found him guilty, and assessed his punishment at four years in the State Penitentiary, and he appeals.

Since the defendant's principle contention is that the evidence is wholly insufficient to support the verdict of the jury, we deem it

necessary to briefly set forth the evidence adduced on the trial.

On the late evening of March 31, 1967, Mrs. Holt, who lives next door to the Sportsmans Post in Alva, Oklahoma, was awakened by noise and the sound of breaking glass near the rear of the Sportsmans Post. She telephoned the police and Officer Haight was dispatched from the police station approximately one and a half blocks away, to the scene. Upon arriving at the scene, he observed two men running from the rear of the sporting goods store to the rear of the Montgomery Wards store, where one hid behind a canvas cart, and the other behind a square box. The officer pulled his service revolver and the defendant stood up from behind the canvas cart and called to his companion to stand up. Laying beside the canvas cart was a pry bar. A search of the immediate area yielded a metal punch and a chisel. An examination of a window near the rear of the Sportsmans Post disclosed pry and chisel marks around the window and a broken windowpane. An employee of the store testified that he had locked and secured the premises and the owner of the store testified that he had not given the defendant, or any other person, permission to enter the premises.

In the second stage of the proceeding, the State proved two prior felony convictions in the State of Texas for the crimes of burglary.

■ From the evidence, as outlined above, we are of the opinion that although circumstantial, the evidence amply supports the verdict of the jury.

■ This leads us to a consideration of defendant's second assignment of error that the punishment was excessive and imposed as a result of bias and prejudice. We are also of the opinion that this assignment of error is without merit, since the punishment of four years was well within the range provided by law, and there is nothing in the record to support the contention that it was imposed as a result of bias or prejudice. We have repeatedly held that where the evidence, although circumstantial, sup-ports the verdict of the jury, and the court fairly and fully instructs the jury, and the punishment is well within the range provided by law and there is no error occurring during the trial sufficient to justify a reversal or modification, the judgment and sentence will be affirmed. The judgment and sentence appealed from is accordingly affirmed.

NIX, P. J., and BRETT, J., concur.